# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**RYAN M. MEREDITH,**
        Petitioner,

    v.                                        Case No. 07-C-420

**DAVID A. CLARKE, JR., Sheriff,**
**Milwaukee County Jail,**
        Respondent.

## DECISION AND ORDER

On May 7, 2007, petitioner Ryan M. Meredith filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. In 2005, after a bench trial, a judge found petitioner guilty of one count of use of a computer to facilitate a child sex crime in violation of Wis. Stat. § 948.075(1). He sentenced petitioner to a sentence of three years with five years supervised release. Petitioner is currently incarcerated in the Milwaukee County Jail.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, I must give the case prompt initial consideration.

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims.

According to petitioner's petition, petitioner was accused of using a computer to arrange a sexual encounter with a minor child, who in reality was a law enforcement officer.

The meeting was to take place in a McDonald's parking lot. Petitioner asserts that although he did travel to the parking lot, he did so as a matter of curiosity and that he did not intend to engage in sexual activity with the child. After arriving at the lot and parking, petitioner asserts that he questioned his actions and decided to leave. As he was leaving the parking lot, officers stopped petitioner and placed him under arrest.

Petitioner asserts that the trial court erred as a matter of law in finding that he committed the offense and that the evidence was insufficient to support his conviction. These allegations raise a colorable Constitutional claim. "[D]ue process requires reversal of a criminal conviction if, viewing the evidence in the light most favorable to the prosecution, no 'rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

Therefore, it appears as if petitioner has stated at least cognizable constitutional claims.

**THEREFORE, IT IS ORDERED** that petitioner's motion to proceed in forma pauperis is **DENIED AS MOOT**.

**IT IS ORDERED** that within 30 days of the date of this order respondent **ANSWER** the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**FURTHER, IT IS ORDERED** that unless respondent files a dispositive motion with its answer the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims: (1) petitioner shall have 45 days following the filing of

respondent's answer within which to file his brief in support of his petition; (2) respondent shall have 45 days following the filing of petitioner's initial brief within which to file a brief in opposition; and (3) petitioner shall have 30 days following the filing of respondent's opposition brief within which to file a reply brief, if any.

In the event that respondent files a dispositive motion and supporting brief with its answer, this briefing schedule will be suspended and the briefing schedule will be as follows: (1) petitioner shall have 45 days following the filing of respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and (2) respondent shall have 30 days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7.1(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits.

Petitioner is advised that he must send copies of all future filings with the court to counsel for respondent, no matter whether in letter, brief, memorandum, or other form. Until respondent files his or her answer, these copies should be sent to Gregory Weber at the address below. Pursuant to Rule 4 of the Rules Governing § 2254 Cases, copies of

the petition and this order will be mailed to respondents and to the Attorney General for the State of Wisconsin, c/o Gregory Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707.

Dated at Milwaukee, Wisconsin, this 5 day of July, 2007.

/s_____
LYNN ADELMAN
District Judge

4

Case 2:07-cv-00420-LA   Filed 07/09/07   Page 4 of 4   Document 2