# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**RYAN M. MEREDITH,**
        **Petitioner,**

    v.                                                **Case No. 07C0420**

**DAVID A. CLARKE, JR.,**
        **Respondent.**

---

## DECISION AND ORDER

Pursuant to 28 U.S.C. § 2254, petitioner Ryan M. Meredith, a Wisconsin state prisoner, seeks a writ of habeas corpus challenging his state court conviction of using a computer to facilitate a child-sex crime on the ground that the evidence supporting the conviction was so thin as to deny him due process of law. Petitioner appealed his conviction, but the state court of appeals affirmed, and the state supreme court denied further review.

The state court of appeals summarized the evidence presented as follows:

> The trial was to the court. The State's case consisted of stipulated exhibits that show the following. On June 18, 2004, Meredith had a Yahoo instant messenger conversation with someone who identified themselves as "nick14sk8tr"; this person was an undercover police officer. Immediately after "nick14sk8tr" told Meredith that he was a fourteen-year-old boy, the conversation became sexually explicit. Among other things, when "nick14sk8tr" asked Meredith what he wanted to do, Meredith responded: "find a quiet spot and put my cock in your mouth, or fuck u or jack each other off" [sic]. During this conversation, Meredith made arrangements to meet "nick14sk8tr" at a local McDonalds and described the vehicle he would arrive in. He also told "nick14sk8tr" that he would bring something to drink.
>
> Meredith arrived at the McDonalds at the designated time and driving a vehicle matching the description he gave to "nick14sk8tr"; he also had alcohol in his vehicle. Meredith entered the parking lot and slowly drove past the McDonalds, while looking inside the restaurant. He then parked his

> vehicle, pulled out, drove to a second location in the parking lot, and parked again. When Meredith drove towards the restaurant's drive-thru, the police stopped him and took him into custody.
>
> Meredith testified in his defense as follows. He was simply playing around and did not really intend to have sex with "nick14sk8tr." He went to the McDonalds only out of curiosity – to see who, if anyone, would actually show up. When he was arrested he had already decided to leave.

(Answer Ex. D at 2-3.)

I may grant a state prisoner's petition for habeas corpus only if the state court's decision "was contrary to or involved an unreasonable application of clearly established federal" constitutional law. 28 U.S.C. § 2254(a) & (d). Petitioner argues that the state court of appeals unreasonably applied the Due Process Clause of the Fourteenth Amendment as interpreted in Jackson v. Virginia, 1443 U.S. 307, 318-19 (1979), by affirming his conviction even though the state failed to prove every element of the offense beyond a reasonable doubt. Specifically, petitioner argues that the state failed to prove beyond a reasonable doubt that he intended to have sex with an individual under the age of sixteen as required by Wis. Stat. § 948.075. In evaluating this argument, I presume that the state courts' factual determinations, including credibility determinations, are correct unless rebutted by clear and convincing evidence. State v. Murrell, 332 F.3d 1102, 1112 (7th Cir. 2003). With respect to petitioner's argument, the court of appeals held as follows:

> Meredith argues that, based on his testimony, there is insufficient evidence to find intent. However, the circuit court did not believe Meredith's testimony on this point, explaining:
>
>> The court therefore – first I want to state I don't believe and find credible the defendant's testimony as to his intent. As far as I'm concerned it's clear to me that he did unequivocal acts to lead to only one conclusion, that he was going to and expected to meet a fourteen year old boy at the McDonalds. He bought the liquor and Coke as he said he would, he drove

2

> to the McDonalds, and then he claims he was going to drive out. I just don't believe him.
>
> Because the circuit court is the sole judge of credibility, we defer to this finding.
>
> > In addition, Meredith argues that the evidence shows he abandoned any plan, even if he had one. However, abandonment or withdrawal is not an available defense where the crime has been completed. See State v. Stewart, 143 Wis. 2d 28, 44-46, 420 N.W. 2d 44 (1988) (withdrawal after attempt completed not a defense to attempted crime). Here, there is sufficient evidence, drawing all reasonable inference in favor of the guilty verdict, that Meredith had completed the crime. Meredith communicated with "nick14sk8tr" using a computerized communication system – Yahoo instant messenger. He had reason to believe that "nick14sk8tr" had not attained the age of sixteen – "nick14sk8tr" had told him as much. Because Meredith was twenty-five at the time of the communication, he could not have reasonably believed that "nick14sk8tr" was twenty-four or fewer months younger than him. Meredith explicitly stated his intent to "put [his] cock in ['nick14sk8tr's'] mouth," and the circuit court was entitled to take Meredith at his word. Finally, Meredith undertook a distinct act to effect that intent when he showed up at McDonalds as arranged. At this point, the crime was already complete, and it was too late to withdraw.
>
> (Id. at 3-4.)

Giving due deference to the credibility determinations of the state courts, petitioner presents nothing even remotely suggesting that in determining that the state established petitioner's intent beyond a reasonable doubt as indicated above, the court of appeals unreasonably applied principles of due process as established in Jackson.

Therefore,

**IT IS ORDERED** that petitioner's application for a writ of habeas corpus is **DENIED**, and this case is **DISMISSED.**

Dated at Milwaukee, Wisconsin, this 24 day of June, 2008.

/s_____
LYNN ADELMAN
District Judge